# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv263

| | |
|---|---|
| ANGELA BURKE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits and supplemental security benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 14 & # 15]. The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [#14], **DENY** the Commissioner's Motion for Summary Judgment [# 15], and **REMAND** this case for further proceedings.

    **I.**    **Procedural History**

Plaintiff filed an application for disability insurance benefits and an application for supplemental security income on June 12, 2009. (Transcript of

Administrative Record ("T.") 119, 124.)  Plaintiff alleged an onset date of November 1, 2007.  (T. 119, 124.)  The Social Security Administration denied Plaintiff's claim.  (T. 60-64.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T.65-75.)  A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 25-53.)  At the hearing, Plaintiff's representative amended the alleged onset date to June 1, 2009.  (T. 29.)  The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision.  (T. 10-20.)   Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-5).  Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Under this inquiry, the Commissioner must consider in sequence:

(1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his February 2, 2011, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 19.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

(2) The claimant has not engaged in substantial gainful activity since November 1, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairment: bipolar disorder and anxiety (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity for a wide range of light and sedentary work on a sustained basis. However, the claimant has significant non-exertional limitations principally relating to a bipolar disorder, and this condition limits the claimant to unskilled, simple, routine, repetitive work in a non-production setting with limited interaction with others.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on April 26, 1969 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the nation economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

> (11) The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 12-19.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision

based on the correct application of the law.  Id.

V.  **Analysis**[1]

A.  **The Court Strikes Pages Twenty-Six through Thirty-Four of the Plaintiff's Brief**

Pursuant to the Local Rules of this Court, and absent a Court order stating otherwise, briefs may not exceed twenty-five pages. LCvR 7.1(D).  Plaintiff's brief is thirty-four pages in length.  Plaintiff did not file a motion requesting leave to file a brief in excess of the page limits set forth in the Local Rules, and this Court would not have granted such a motion. Accordingly, the Court **STRIKES** pages twenty-six through thirty-four of Plaintiff's brief [# 14] and disregards any argument contained therein.

B.  **The ALJ Erred in Considering the Medical Opinions in the Record**

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005);

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul.

2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

The ALJ in this case specifically addressed the medical opinion of Dr. James Edward Lee, M.D., a treating source, in accessing Plaintiff's severe impairments. (T. 14.) After briefly discussing Dr. Lee's findings regarding Plaintiff's bipolar disorder and anxiety, the ALJ found that "Dr. Lee is a treating and examining source, and his opinion is consistent with the record as a whole. Therefore, the undersigned gives his opinion significant weight." (T. 14.)

In addressing Plaintiff's residual functional capacity ("RFC"), the ALJ again discussed the medical opinion of Dr. Lee, including the Mental Impairment Questionnaire he completed on October 10, 2010. (T. 17.) Dr. Lee noted in the questionnaire that Plaintiff would miss approximately two days of work a month as a result of Plaintiff's impairments or treatment. (T. 406). The ALJ acknowledged Dr. Lee's opinion that Plaintiff would miss two days of work a month, and then stated that "Dr. Lee is a treating and examining source, and his opinion is primarily consistent with the record as a whole." (T. 17.) As a result, the ALJ assigned Dr. Lee's opinion "appropriate weight." (T. 17.)

Although, ALJ's routinely include such a limitation when determining a claimant's RFC, see e.g. Smith v. Colvin, No. 6:12-cv-889-JMC, 2013 WL 3990925 (D.S.C. Aug. 1, 2013), the RFC determination by the ALJ in this case did not take into account Plaintiff missing two days of work a month. (T. 15.) The ALJ's decision contains no discussion as to why he was not incorporating Dr. Lee's opinion regarding the number of days a month Plaintiff would miss from work into the RFC. In addition, there is no statement by the ALJ that he found Dr. Lee's opinion regarding Plaintiff missing work to be not credible, not supported by the medical evidence in the record, or that it was otherwise not entitled to any weight.

Despite the lack of any explanation by the ALJ and what is, at best, a nebulous statement by the ALJ regarding the weight he assigned to the opinion of Dr. Lee in determining the Plaintiff's RFC (T. 17), the Commissioner contends that the ALJ implicitly found that Dr. Lee's determination that Plaintiff would miss two days of work a month was not supported by the substantial medical evidence in the record and, thus, given no weight by the ALJ. While the Commissioner is correct that the ALJ need not accept an opinion from a treating source that a claimant will miss a set number of days of work a month where the opinion is contradicted by the medical evidence in the record, see e.g. Leonard v. Astrue, No. 2:11CV00048,

2012 WL 4404508 (W.D. Va. Sept. 25, 2012); Cowan v. Colvin, No. 2:12cv559, 2013 WL 5409641 (E.D. Va. Sept. 26, 2013), the ALJ must at a minimum provide the Court with some statement in the decision as to why he assigned no weight to a medical opinion of a treating source. Absent such a discussion by the ALJ, this Court cannot conduct meaningful review of the ALJ's decision. See SSR 96-2p, 1996 WL 374188.

Finally, a review of the decision of the ALJ does not support the Commissioner's position that the ALJ implicitly found the portion of Dr. Lee's opinion that Plaintiff would miss two days of work to be inconsistent with the record. In fact, an equally plausible explanation based on a plain reading of the decision suggests that the ALJ found Dr. Lee's opinion, including the opinion that Plaintiff would miss two days of work a month, to be entitled to controlling weight but mistakenly failed to incorporate such limitation into the RFC. (T. 14, 17-18.) Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion [# 14] and **REMAND** this case to the ALJ for further proceedings. On remand the ALJ should specifically address the weight given to Dr. Lee's opinion in determining Plaintiff's RFC. If on remand, the ALJ determines that the opinion of Dr. Lee regarding Plaintiff missing two days of work a week is inconsistent with the medical records or otherwise entitled to no

weight, then the ALJ should state so in his decision and provide the Court with sufficient reasoning in the decision to allow the Court to conduct a meaningful review.

## VI.  Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [#14], **DENY** the Commissioner's Motion for Summary Judgment [# 15], and **REMAND** this case for further proceedings.

Signed: December 26, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).