UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:12-cv-00263-MOC-DLH

| | | |
|---|---|---|
| **ANGELA S. BURKE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, acting Commissioner of Social Security,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#18) is **AFFIRMED,** the Commissioner's Motion for Summary Judgment (#15) is **DENIED**, plaintiff's Motion for Summary Judgment (#14) is **GRANTED,** the final decision of the Commissioner is **REVERSED**, and this action to **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings not inconsistent with the M&R and this Judgment. Specifically, the ALJ shall consider, address, and explain the weight given to Dr. Lee's opinion in determining plaintiff's RFC. If the ALJ determines that the opinion of Dr. Lee regarding plaintiff missing two days of work a week is inconsistent with the medical records or otherwise entitled to no weight, then the ALJ should state so in his decision and provide the court with sufficient reasoning in the decision to allow the court to conduct a meaningful review of such

determination.

This action is **DISMISSED**.

Signed: 1/23/2014

Max O. Cogburn Jr.
United States District Judge